UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KIRKLIN THOMPSON                                                           PLAINTIFF

VS.                          CASE NO.: 4:23-cv-291

DEN-TEX CENTRAL, INC.                                       DEFENDANT

## **MOTION TO SET ASIDE CLERK'S<br>DEFAULT JUDGMENT**

        Comes now, Defendant, Den-Tex Central, Inc., by and through their undersigned attorney, pursuant to Federal Rules of Civil Procedure Rule 12(b)(5), Federal Rules of Civil Procedure Rule 55(c), and Arkansas Rules of Civil Procedure Rule 4(f)(5), and for their Motion to Set Aside Clerk's Default Judgment states:

1. Plaintiff filed a Complaint against Defendant on March 30, 2023.
2. The registered agent for Defendant at the time this Complaint was filed was listed as Dawn M. LaGreeda *(sp) (LaFreeda)* with the Arkansas Secretary of State's Office. Ex. A.
3. Ms. LaFreeda, nor any of the listed officers, were ever served with the Summons and Complaint filed by Plaintiff.
4. Plaintiff filed a Proof of Service Affidavit on May 3, 2023, indicating that Sam Cavitt, Manager, was served with the Summons and Complaint on April 4, 2023. Ex. B.
5. On July 13, 2023, Plaintiff filed a Motion for Clerk's Entry of Default. A Clerk's Default was then entered on August 2, 2023.
6. Defendant asserts that at no time was Sam Cavitt an authorized agent or officer of Den-Tex Central, Inc., which is a Denny's Restaurant.
7. Attached hereto as Exhibit C, is a Declaration in Support of Defendant's Motion to Set Aside Default Judgment executed by Ms. LaFreeda.
8. Additionally, Mr. Cavitt, the personal allegedly served, has no recollection of being served with any pleadings whatsoever. Attached as Exhibit D is an Affidavit from Sam Cavitt attesting that no service was ever served upon him.
9. Pursuant to Fed. R. Civ. P. 4(h)(1)(B), states that serving a corporation, partnership, or

association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - - if the agent is one authorized by statute and the statute so requires- - by also mailing a copy of each to the Defendant."

10. In the instant case, Mr. Cavitt was not an officer, nor a managing or general agent, authorized by appointment to receive service of process on behalf of Defendant, Den-Tex Central, Inc.

11. Defendant asserts that there is good cause shown for the court to set aside the entry of default judgment.

12. In the case of *Lance Clouse, D.C. v. Ngau Van Tu*, 101 Ark. App. 260 274 S.W.3d 344 (Feb. 6, 2008), the court found that personal service was defective under Ark. R. Civ. P. 4(d)(1), as the server gave the complaint and summons to Dr. Clouse's wife, who was working there as his office manager. Mrs. Clouse was not her husband's registered agent to receive process.

13. Based on the above, Defendant asserts that no service was ever perfected upon them and that the Motion for Default should be Set Aside and this case should be dismissed accordingly.

WHEREFORE, Defendant, Den-Tex Central, Inc. respectfully asks the Court to grant their Motion to Set Aside Default Judgment and dismiss Plaintiff's Complaint without prejudice, and for all other just and proper relief to which they may be entitled, including attorney's fees.

Respectfully submitted,

By: *William C. Frye*
William C. Frye, Ark Bar 83069
Frye Law Firm, P.A.
4901 Fairway Ave., Suite D
North Little Rock, AR 72116
Tel: (501) 753-9300 | Fax: (501) 753-8212
Bcfrye@fryelawfirm.com

# CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing document was mailed or electronically submitted on August 29, 2023, with sufficient postage prepaid to ensure delivery by United States Postal Service first-class mail to:

Mr. Stewart Whaley
wh Law | We Help
1 Riverfront Place, Ste 745
North Little Rock, AR 72114
stewart@wh.law

*William C. Frye*
_____
WILLIAM C. FRYE